# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**SAMUEL J. JONES,**
        **Petitioner,**

        **v.**                               **Case No. 06-C-0070**
                                                 **(Criminal Case No. 99-CR-135)**

**UNITED STATES OF AMERICA**
        **Respondent.**

## RULE 4 ORDER

Petitioner Samuel Jones brings this 28 U.S.C. § 2255 motion to vacate his sentence. Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, I must preliminarily examine the motion.

> If it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion or other response . . . .

Rule 4(b), Rules Governing § 2255 Proceedings.

Section 2255 provides a basis for attacking a federal sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255.

Petitioner pleaded guilty to six counts of armed bank robbery, and on February 25, 2000 I sentenced him to 188 months in prison. He took no appeal. In the instant motion, he argues that his sentence was illegal because it was based on facts not charged in the indictment and found by the court under a preponderance of the evidence standard. He relies on United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005).

However, as petitioner acknowledges, the Seventh Circuit has held that Booker does not apply retroactively to cases such as his. McReynolds v. United States, 397 F.3d 479 (7th Cir.), cert. denied, 125 S. Ct. 2559 (2005). Petitioner argues that McReynolds was wrongly decided and asks me to overturn it. I cannot. District courts must follow the decisions of the court of appeals. Reiser v. Residential Funding Corp., 380 F.3d 1027, 1029 (7th Cir. 2004). Booker does not apply retroactively in this circuit, and petitioner's claim must be denied.

**THEREFORE, IT IS ORDERED** that petitioner's motion is **DENIED**, and this case is **DISMISSED**. The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 18th day of January, 2006.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge